No. 938

WALKER v. WALKER

No. 19339. Supreme Court

On motion to certify. Dock. Aug. 25, 1925; 3 Abs. 546.

1085. SERVICE OF PROCESS—Is a jurisdictional defect in a decree for divorce, raised when the service is by publication and defendant resides in another state?

419. DOWER—Would such divorce obtained in this manner, in which it was claimed the wife was the aggressor, bar her right of dower?

John Walker, now deceased, obtained a decree of divorce in the Mahoning Common Pleas in 1902, from Catherine Walker. The husband and wife had resided in Pennsylvania prior to his coming to Ohio. Service of process in the divorce action was obtained by publication. Subsequent to this divorce John Walker married Eva Walker, the defendant in error.

Catherine Walker instituted action in the Mahoning Common Pleas seeking to establish dower rights in property of which John Walker was seized at his death. The second Mrs. Walker contended that divorce for one's own aggression is a bar to the dower right; that before Catherine Walker could claim dower, the decree for divorce must be vacated; and that an anomolous construction existed in the statutes defining dower right and those governing vacation of judgments. Judgment was rendered in favor of Eva Walker; and on prosecution of error was affirmed by the Court of Appeals.

The case is in the Supreme Court on motion to certify and the following contentions are made:

It is admitted that 11993 GC. providing that one who is divorced for his own aggression is barred of dower is sound as a general principle. It is argued, however, that the court granting the decree of divorce must have jurisdiction of the court; and it is contended that it was never contemplated that it should apply where service of process was constructive or obtained by publication only.

The holdings in Ohio are uniform in declaring that service must be personal in order to enable the court to adjudicate upon the property right of dower. The reason for this is evident, for to bar the right of dower where the person of the defendant was not within the jurisdiction of the court would be to violate the fundamental principles that one is not to be denied his day in court nor to be deprived of his property without due process of law.

"A divorce being obtained by a husband from his wife in another state without service other than by publication, and she being at the time a citizen of and residing in this state, does not in any way affect her property rights in this state." Doer v. Boraythe, 50 OS. 726.

It is contended that vacation of the divorce decree was not necessary because such a decree cannot be vacated at all in Ohio. "A decree from the bonds of matrimony, although obtained by fraud and false testimony, cannot be set aside on an original bill filed at a subsequent term." Parish v. Parish, 9 OS. 534. It is claimed, however, that there is nothing in the decree to vacate that may by law be vacated, or in other words dower was not the subject of the action.

It is claimed that though dower begins with marriage it does not terminate therewith; but is an interest that continues until it is relinquished, or until the party entitled to it is properly before the court and divorced for his own aggression; i. e., barred.

Attorneys—George Edwards for Catherine Walker; W. R. Stewart for Eva Walker; both of Youngstown.